UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. SPECIALTY INSURANCE COMPANY,<br><br>             Plaintiff,<br><br>    v.<br><br>VILLAGE OF CHESTER and VILLAGE OF CHESTER BOARD OF TRUSTEES,<br><br>         Defendants. | Case No.<br><br>District Judge<br><br>Magistrate Judge<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

For its Complaint against Defendants Village of Chester (the "Village") and the Village of Chester Board of Trustees (the "Village Board") (collectively, the "Defendants" or the "Insureds"), Plaintiff U.S. Specialty Insurance Company ("USSIC") states the following.

<u>NATURE OF ACTION</u>

1.     This action involves an actual controversy that currently exists between USSIC and Defendants for which USSIC seeks declaratory relief.  The controversy concerns the action known as *BT Holdings, LLC v. Village of Chester, et al.*, Index No. 2015-001480, which was filed in the Supreme Court of the State of New York, Orange County (the "Underlying Action").

<u>PARTIES</u>

2.     USSIC is an insurance company duly organized and existing under the laws of the State of Texas with its principal place of business located in Houston, Texas.

3.      Upon information and belief, the Village is a municipal corporation duly organized and existing under the laws of the State of New York with its principal place of business located in Chester, New York.

4.      Upon information and belief, the Village Board is a municipal government entity duly organized and existing under the laws of the State of New York with its principal place of business located in Chester, New York.

## JURISIDICTION AND VENUE

5.      Jurisdiction is proper under 28 U.S.C. §1332(a)(1) since this is an action between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6.      Jurisdiction is also proper under 28 U.S.C. §2201(a) because a case of actual controversy exists in connection with the parties' rights and obligations under a certain insurance policy issued by USSIC and this Court has jurisdiction to declare the rights and legal obligations of any interested party seeking relief.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because the Defendants reside in New York and in this judicial district. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim took place within this District.

## FACTUAL ALLEGATIONS

### The Policy

8.      USSIC issued insurance policy number CPKG80320246 to the Village (the "Policy") effective for the period from September 1, 2014 to September 1, 2015 (the "Policy Period").  A copy of the Policy is attached hereto as "Exhibit 1."

9.      Subject to the Policy's terms, conditions, limitations, exclusions, and

endorsements, the Policy provides coverage under the following coverage parts: (1) commercial property; (2) commercial general liability; (3) public officials liability (the "POL Coverage Part"); (4) law enforcement liability; (5) commercial inland marine; (6) commercial crime; (7) commercial auto; (8) boiler and machinery; (9) commercial umbrella; (10) TRIA property; and (11) TRIA casualty.  (Ex. 1 at Declarations.)

10.     Although the Policy contains several Coverage Parts, only the POL Coverage Part is potentially applicable.

11.     The POL Coverage Part states that USSIC "will pay on behalf of the insured all 'loss' resulting from 'public officials wrongful act(s)' but only with respect to 'claims' first made against the insured during the 'policy period' or Extended Reporting Period.  The 'public officials wrongful acts' must occur within the 'coverage territory.'"  (Ex. 1 at POL Coverage Part § I(1).)

12.     The Policy defines "Loss" to mean "any monetary amount which the insured(s) are legally obligated to pay as a result of public official wrongful act(s),' employment practice wrongful act(s)' or law enforcement wrongful act(s)' covered by this Coverage Form and will include but not be limited to judgments and settlements, but 'loss' will not include fines imposed by law, or matters which may be deemed uninsurable under the law pursuant to which this Coverage Form will be construed."  (Ex. 1 at Common Liability Definitions § 11.)

13.     "Claim" is defined to mean "a written notice from any party that it is their intention to hold an insured responsible for 'loss' resulting from a 'public officials wrongful act' covered by this Coverage Form."  (Ex. 1 at POL Coverage Part § VII(1).)

14.     "Public officials wrongful act" is defined as any actual or alleged (1) error or omission, neglect, or breach of duty by the insured; (2) violation of civil rights protected under 21 USC 1981 et seq.; or (3) violation of any state civil rights law, which arises out of the discharge

of duties to you individually or collectively.  (Ex. 1 at POL Coverage Part § VII(2).)

15.     The POL Coverage part states that USSIC has "the right and duty to defend any covered 'suit' against the insured seeking damages to which this insurance applies even if any of the allegations of the 'suit' are groundless, false or fraudulent."  (Ex. 1 at POL Coverage Part § I(2).)

16.     USSIC is not obligated "to make any payment nor to defend any 'suit' in connection with any 'claim' made against the insured . . . [f]or 'loss' or 'claim(s)' arising from: . . . [l]iability assumed by the insured under any contract or agreement, unless the insured would have been legally liable in the absence of such contract or agreement . . . ."  (the "Assumption of Liability Exclusion").  (Ex. 1 at POL Coverage Part § II(10)(e).)

<u>The Underlying Action</u>

18.     On or about November 10, 2014, BT Holdings, LLC ("BT Holdings") filed a verified notice of claim pursuant to GML § 50-e and CPLR 9802 in the Supreme Court of the State of New York for Orange County (the "Notice of Claim").

19.     The Notice of Claim asserted that, on or about November 3, 2014, the Village took illegal zoning actions against BT Holdings including failing to pass a special zoning classification for the development.

20.     BT Holdings further asserted in the Notice of Claim that, as a result of the Village's alleged actions, it was unable to develop a multi-family residential development on property located within the Village, which resulted in $2.6 million in expenses.

21.     The Notice of Claim stated that BT Holdings intended to commence a lawsuit against the Village and the Village Board: (1) alleging that the Village's alleged actions breached a stipulation of settlement entered into between BT Holdings, the Village, the Town of Chester,

and the Town Board of the Town of Chester (the "Town Board"); and (2) seeking a declaration

that the zoning actions taken by the Village on November 3, 2014 were unlawful and void.

22.     On March 3, 2015, BT Holdings filed the Underlying Action against the Village

and the Village Board.  A copy of the complaint filed in the Underlying Action (the "Underlying

Complaint") is attached hereto as "Exhibit 2."

23.     In the Underlying Action, BT Holdings asserts that its claims against the Village

and the Village Board arise out of those entities' alleged breach of two stipulations of settlement

entered into between the Village and BT Holdings concerning a property owned by BT Holdings

and located in the Village.  (Ex. 2 ¶ 1.)

24.     The Underlying Complaint alleges that BT Holdings owned approximately 68.4

acres of property within the Village and the Town and that it planned to develop a multi-family

residential development on that property.  (Ex. 2 ¶¶ 9-10.)

25.     According to BT Holdings, after it approached the Village about the development,

the Village indicated that it would require BT Holdings to have the portion of the property located

in the Town annexed into the Village, and that the Village would create a new zoning

classification for the project.  (Ex. 2 ¶ 16.)

26.     The Underlying Complaint alleges that, on June 15, 2012, the Village commenced

a special proceeding against the Town Board in the Appellate Division of the Supreme Court of

New York, Second Department, Case No. 2012-0556, seeking to overturn the Town's May 9,

2012 denial of BT Holdings' petition for annexation, to which BT Holdings was later added as a

party (the "Special Proceeding").  (Ex. 2 ¶ 39.)

27.     On July 9, 2012, the Village and the Village Board filed a co-petition, Case No.

4815-2012, against the Town Board under Article 78 in the Supreme Court of the State of New

York for Orange County in which they sought to annul the Town's environmental findings (the "Article 78 Action").  (Ex. 2 ¶ 40.)

28.     The Underlying Complaint alleges that, in June 2013, BT Holdings, the Village Board, and the Town Board settled the Special Proceeding and the Article 78 Action pursuant to two stipulations of settlement (the "Stipulation" or "Stipulations"), which provided that BT Holdings and the Village would reduce the size of the development project, and that construction of the project would take place in the manner described in the final environmental impact statement provided by BT Holdings and the Village's environmental findings, both of which contemplated rezoning the project as a necessary part of the project.  (Ex. 2 ¶¶ 41-45.)

29.     According to BT Holdings, despite the Stipulations, the Village Board opposed the enactment of a new RM-N zoning classification for the property, and indicated that the project could be built under existing zoning classifications, but the Village allegedly failed to issue any zoning for the property.  (Ex. 2 ¶¶ 49-59.)

30.     The Underlying Complaint alleges that, as a result of the Village's failure to pass an RM-N zoning classification or issue any zoning for the property, BT Holdings was unable to build the development in compliance with the Village's findings and could not use the property for any purpose.  (Ex. 2 ¶¶ 60-61.)

31.     BT Holdings asserted five causes of action in the Underlying Complaint filed in the Underlying Action against the Village and the Village Board: (1) breach of the Stipulation that resolved the Special Proceeding; (2) breach of the covenant of good faith and fair dealing with respect to the Stipulation that resolved the Special Proceeding; (3) breach of the Stipulation that resolved the Article 78 Action; (4) breach of the covenant of good faith and fair dealing with respect to the Stipulation that resolved the Article 78 Action; and (5) unconstitutional taking in

violation of 42 U.S.C. § 1983.  (Ex. 2 ¶¶ 62-100.)

32.     On March 17, 2015, the Village and Village Board removed the Underlying Action to the United States District Court for the Southern District of New York.

33.     On February 23, 2016, the United States District Court for the Southern District of New York dismissed BT Holdings' claim for unconstitutional taking because it was not ripe for adjudication and remanded the remaining causes of action to the Supreme Court of the State of New York, Orange County.

34.     On January 30, 2018, the Clerk of the Supreme Court of the State of New York, Orange County entered judgment against the Village and the Village Board in the sum of $2,375,000, for the breach of contract and the breach of the implied covenant of good faith and fair dealing claims that were sent to the jury following a jury trial, together with interest at the rate of 9% per year from November 3, 2014 for an amount of interest bearing $680,485.87 and costs and disbursements taxed by the Clerk in the amount of $2,116.82, for a total judgment in the amount of $3,057,602.69.

## COUNT I – DECLARATORY JUDGMENT AS TO APPLICATION OF ASSUMPTION OF LIABILITY EXCLUSION

35.     USSIC hereby adopts by reference the allegations contained in paragraphs 1 through 34 of this Complaint.

36.     An actual, present, and justiciable controversy exists concerning whether the Policy's Assumption of Liability Exclusion precludes coverage for the Underlying Action under the Policy because the two remaining causes of action in the Underlying Action arise from liability assumed by the Insureds under the Stipulations.

37.     USSIC requests that the Court declare that there is no coverage for the Underlying

Action by virtue of the Assumption of Liability Exclusion and that, as a result, USSIC has no obligation to continue to defend the Insureds in the Underlying Action or to indemnify the Insureds with respect to any judgment or settlement entered in that matter.

<u>COUNT II – DECLARATORY JUDGMENT AS TO THE DEFINITION OF LOSS</u>

38.     USSIC hereby adopts by reference the allegations contained in paragraphs 1 through 37 of this Complaint.

39.     An actual, present, and justiciable controversy exists concerning whether the amounts recoverable for BT Holdings' breach of contract and breach of the implied covenant of good faith and fair dealings claims constitute "Loss" under the POL Coverage Part.

40.     The "Loss" sought in the Underlying Action is uninsuarable.

41.     Because the "Loss" sought in the Underlying Action is uninsurable, USSIC has no obligation to obligation to continue to defend the Insureds in the Underlying Action or to indemnify the Insureds with respect to any judgment or settlement entered in that matter.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, USSIC prays that this Court enter an Order:

1.     declaring that there is no coverage for the Underlying Action by virtue of the Assumption of Liability Exclusion;

2.     declaring that the amounts sought for BT Holdings' breach of contract and breach of the implied covenant of good faith and fair dealing do not constitute "Loss" under the POL Coverage Part;

3.     declaring that USSIC has no obligation to continue to pay for the defense of the Underlying Action;

4.     declaring that USSIC has no obligation to indemnify Defendants with respect to any judgment or settlement entered in the Underlying Action; and

5.     awarding USSIC all other relief that the Court deems just and equitable.

/s/Elan R. Kandel
Elan R. Kandel (EK 8345)
Sabrina Haurin (*pro hac vice* application forthcoming)
Jolene Griffith (*pro hac vice* application forthcoming)
BAILEY CAVALIERI LLC
10 West Broad Street, Suite 2100
Columbus, Ohio  43215-3422
Telephone: (614) 229-3254
Facsimile:  (614) 221-0479
ekandel@baileycav.com

Counsel for Plaintiff U.S. Specialty Insurance Company