UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
U.S. SPECIALTY INSURANCE
COMPANY                                                                    **ATTORNEY DECLARATION**

                Plaintiff,

     -against-                                                              **Docket No. 19cv00467(NSR)**

VILLAGE OF CHESTER and VILLAGE OF
CHESTER BOARD OF TRUSTEES,

                Defendants.
------------------------------------------------------------X

      MARY E. BRADY MARZOLLA, makes this declaration pursuant to 28 U.S.C. §1746, and under the penalties of perjury:

      1.    Your declarant is an attorney at law duly licensed to practice before the United States District Court for the Southern District of New York.

      2.    Your declarant is a member of the firm of Feerick Nugent MacCartney PLLC, ("Law Office"). attorneys for the Defendants Village of Chester, Village of Chester Board of Trustees (hereinafter "Defendants" or "Village"), in the above entitled action and, as such, is fully familiar with all facts and circumstances heretofore had herein.

### EXHIBITS

      3.    The Village offers the following Exhibits for the Court's consideration:

      4.    Annexed hereto as Exhibit "A" is a true and correct copy of the Complaint dated January 16, 2019 at Docket No. 1.

      5.    Annexed hereto as Exhibit "B" is a true and correct copy of the Insurance Policy annexed to Plaintiff's Complaint at Docket No. 1-1

6. Annexed hereto as Exhibit "C" is a true and correct copy of the 2015 Underlying Claims[1] Complaint annexed to Plaintiff's Complaint at Docket No. 1-2.

7. Annexed hereto as Exhibit "D" is a true and correct copy April 2016 Settlement Agreement between Plaintiff and the Village.

8. Annexed hereto as Exhibit "E" are true and correct copies of Underlying Claims' 2016 Notice of Appeal, Brief Cover and Table of Contents.

9. Annexed hereto as Exhibit "F" are true and correct copies of Underlying Claims 2018 Notice of Appeal, Brief Cover and Table of Contents.

10. Annexed hereto as Exhibit "G" is true and correct copy of the Underlying Claims' 2014 Notice of Claim.

11. Annexed hereto as Exhibit "H" are true and correct bates stamped copies of Underlying Claims' 2015 Complaint with attachments.

**BACKGROUND OF UNDERLYING CLAIMS AND SETTLEMENT AGREEMENT**

12. In or about 2015, your declarant's Law Office was retained as special counsel to the Village in the following matters: (1) to defend the Village against the Underlying Claims; and (2) to investigate and prosecute any viable claim arising out of the Plaintiff's 2015 denial of the Village's request for defense and indemnification regarding the Underlying Claims.

13. Your declarant was assigned to work on the aforementioned matters and, in this capacity, communicated with Plaintiff's Claims Representative, Craig Livingston, about the Village's claims against the Plaintiff. In April 2016, these communications resulted in the Settlement Agreement annexed at Def. Ex. D wherein, in pertinent part, the Plaintiff agreed to

---

[1] "Underlying Claims" refers to State Court proceedings referred to in Plaintiff's Complaint at para. 1 entitled <u>BT Holdings, LLC v. Village of Chester and Village of Chester Board of Trustees</u>, Supreme Court State of New York, County of Orange, Index No. 2015-001480.

provide the Village with a defense as to the Underlying Claims and both parties reserved the right to dispute indemnification issues in the future when, and if, same should ripen.

14. While any and all ripe insurance issues regarding the duty to defend were resolved by the Settlement Agreement, the Village's defense of the Underlying Claims continued thereafter with the Plaintiff's input, collaboration, strategy and direction.

15. Pursuant to the Settlement Agreement, from April 2016 to date, your declarant has communicated on a regular basis regarding the defense of the Underlying Claims with Mr. Livingston and his successor, Kelly Cumberworth. Without waiving any privilege, and expressly reserving same, the sum and substance of such communications included the following:

   a. Submission of all legal bills for review, input and payment by the Plaintiff;

   b. Submission of status reports, pre-trial reports, trial reports, post-trial reports and budgets at Plaintiff's direction for input, review, and approval by the Plaintiff;

   c. Submission of all proposed trial experts for input, review, and approval by the Plaintiff; and,

   d. Submission of all draft appellate motions, briefs and arguments for input, review and approval by the Plaintiff and Plaintiff's selected appellate counsel.

16. In January 2019, while the parties continued to jointly work on and strategize regarding the appellate process and submissions, the Village was served with the instant Complaint without any prior notice whatsoever. Indeed, same was served on the Village on January 28, 2019 while the parties were actively collaborating on finalizing the reply brief in the Underlying Appeal pursuant to the Settlement Agreement which was filed the next day on January 29, 2019.

17. As a result, the Village is unfairly now forced to defend this matter after having collaborated, strategized and taken input and direction from the Plaintiff in the Underlying Claims for over three years, including through the entire Underlying Claims' trial and appellate process. The prejudice to the Village under such circumstances can only be ascertained after a final, non-appealable judgment has been obtained in the Underlying Claims which may indicate how the joint collaboration, including Plaintiff's input, shaped same.

## CONCLUSION

WHEREFORE, it is respectfully requested that this Court dismiss/stay the Plaintiff's Complaint in its entirety and/or issue a declaration of coverage in favor of the Village, together with all such other relief as this Court may deem just and proper.

Dated: South Nyack, New York
       November 4, 2019

*/s/ Mary E. Brady Marzolla*
MARY E. BRADY MARZOLLA
(MEBM – 1077)