UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/22/2020

U.S. SPECIALTY INSURANCE COMPANY,

                 Plaintiff,

    -against-

VILLAGE OF CHESTER and
VILLAGE OF CHESTER BOARD OF
TRUSTEES,

               Defendants.

No. 19-cv-467 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

       Plaintiff U.S. Specialty Insurance Company ("Plaintiff") brings this action against Defendants Village of Chester (the "Village") and Village of Chester Board of Trustees (the "Village Board", together the "Defendants").  Presently before the Court is Defendants' motion to dismiss or stay pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(1) and Rule 12(b)(6) and/or for a coverage declaration in favor of Defendants.

       For the following reasons, the Defendants' motion to stay is GRANTED.

## BACKGROUND

       The following facts are taken from the Complaint. Plaintiff is an insurance company duly organized and existing under the laws of Texas and with its principal place of business in Houston, Texas. (ECF No. 1 at 1.) Defendant Village is a municipal corporation duly organized and existing under the laws of New York with its principal place of business in New York. (*Id.* at

2.) Defendant Village Board is a municipal government entity duly organized and existing under the laws of New York with its principal place of business in Chester, New York. (*Id.*)

Plaintiff issued an insurance policy (the "Policy") to the Village for a period from September 1, 2014 to September 1, 2015 (the "Policy Period"). (*Id.* at 2.) The Policy provides many forms of coverage, including public officials liability ("POL") coverage. (*Id.* at 3.) The POL coverage applies to a "public officials wrongful act" which means "any actual or alleged: a. error or omissions, neglect[,] or breach of duty by the insured; b. violation of civil rights protected under 42 USC 1981 et sequential; or c. violation of any state civil rights law[.]" (ECF No. 1-1 at 167.)

The Policy provides that Plaintiff "will not be obligated to make any payment nor defend any 'suit' in connection with any 'claim' made against the insured . . . [f]or 'loss' or 'claim(s)' arising from . . . [l]iability assumed by the insured under any contract or agreement, unless the insured would have been legally liable in the absence of such contract or agreement . . ." (the "Assumption of Liability Exclusion"). (*Id.* at 169.) Under the Policy, "loss" excludes "fines imposed by law, or matters which may be deemed uninsurable under the law pursuant to which the Coverage Form will be construed." (*Id.* at 197.)

On March 3, 2015, BT Holdings filed a lawsuit (the "Underlying Action") against the Village and the Village Board in the Supreme Court of the State of New York, County of Orange. (ECF No. 1 at 5.) The Complaint for the Underlying Action ("Underlying Complaint") alleges that BT Holdings owned approximately 68.4 acres of property within the Village and the Town of Chester (the "Town") and planned to develop a multi-family residential development on

2

that property. *Id.* It further alleges that in June 2013, BT Holdings, the Village Board, and the

Chester Town Board ("Town Board") entered into two stipulations of settlement (the

"Stipulations") to settle a Special Proceeding and Article 78 Action regarding development of

the property. (*Id.*) According to the Underlying Complaint, the Stipulations provided, among

other things, that construction of the development project would take place in the manner

described in an environmental impact statement provided by BT Holdings and the Village's

environmental findings, both of which contemplated rezoning as a necessary part of the project.

(*Id.* at 6.) However, the Underlying Complaint alleges that despite the Stipulations, the Village

Board opposed the enactment of a new zoning classification for the property and failed to issue

any existing zoning that would allow for development of the property. (*Id.*) As a result, BT

Holdings alleges it was unable to develop the property and could not use the property for any

purpose. (*Id.*)

       The Underlying Complaint asserts five causes of action: (1) breach of the stipulation that

resolved the special proceeding, (2) breach of the covenant of good faith and fair dealing with

respect to the stipulation that resolved the special proceeding, (3) breach of the stipulation that

resolved the Article 78 action, (4) breach of the covenant of good faith and fair dealing with

respect to the stipulation that resolved the Article 78 action, and (5) an unconstitutional taking.

(*Id.* at 6-7.) On March 17, 2015, the Defendants removed the Underlying Action to the United

States District Court for the Southern District of New York. (*Id*. at 7.) On February 23, 2016, the

District Court dismissed the unconstitutional taking claim as not ripe and remanded the

remaining causes of action to the Supreme Court of the State of New York, Orange County. *See*

BT Holdings, LLC v. Village of Chester, 2016 WL 796866 (S.D.N.Y. Feb. 23, 2016). On

January 30, 2018, following a jury trial, the Clerk of the Supreme Court of the State of New

York, Orange County entered a total judgment in the amount of $3,057,602.69 against the

Defendants. (ECF No. 1 at 7.)

Although it is not acknowledged in the Complaint, subsequent briefing reveals the

judgment is being actively litigated via two appeals pending before the Supreme Court of the

State of New York, Appellate Division, Second Department. (ECF No. 23 at 11.) Further, the

Underlying Claims are alleged to arise out of the Board's legislative vote on November 3, 2014.

(*Id*. at 12.) According to Defendants, whether the Village can legally contract away its legislative

power via the Stipulations and whether the Village's actions fall within the Policy's definition of

"loss" are contingent on issues raised in the appellate proceedings. (ECF No. 23 at 12-13.)

Defendants also allege that the Village and Plaintiff entered into a Settlement Agreement in

2016, whereby Plaintiff agreed to provide a defense until a final non-appealable judgment was

obtained. (ECF No. 23 at 13.)

Plaintiff filed this action requesting coverage declarations as to its duty to defend and

indemnify the Underlying Action. Plaintiff argues that the Assumption of Liability Exclusion

precludes coverage for the Underlying Action because Defendants assumed liability for a breach

of contract when they entered into the Stipulations. Plaintiff further argues that the "Loss" sought

in the Underlying Action is uninsurable under New York law because it arises from a breach of

contract and breach of the implied covenant of good faith and fair dealings. On December 23,

2019, Defendants filed a motion to dismiss or stay the Complaint pursuant to FRCP Rule

12(b)(1) or Rule 12(b)(6) and/or issue a coverage declaration in favor of Defendants. Defendants

argue (1) the court lacks subject matter jurisdiction because Plaintiff's duty to indemnify claims

4

are not ripe and Plaintiff's duty to defend claims fail to meet the amount in controversy requirement, (2) Wilton/Brillhart abstention warrants a dismissal or stay of the claims until the state proceedings are complete, and (3) Plaintiff fails to state a claim for which relief can be granted because the Assumption of Liability Exclusion and definition of "loss" do not preclude coverage in this scenario and because Plaintiff failed to comply with New York Consolidated Laws, Civil Practice Law and Rules ("CPLR") Rule 9802's notice of claim requirements. (ECF No. 23 at 9-10.)

**STANDARD OF LAW**

## I.    Subject Matter Jurisdiction

A challenge to a federal court's subject matter jurisdiction is properly raised by way of a Rule 12(b)(1) motion. *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), aff'd, 561 U.S. 247 (2010); *Alliance for Envt'l Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 87-88 (2d Cir. 2006). "A 'case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011) (citing *Markarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). Without jurisdiction, the Court is devoid of the "power to adjudicate the merits of the case" and for that reason, a court must decide a Rule 12(b)(1) motion before any motion on the merits. *Carter v. HealthPort Tech., LLC*, 822 F.3d 47, 55 (2d Cir. 2016). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Morrison*, 547 F.3d at 170. While a Court must accept all factual allegations in Plaintiff's complaint as true, a jurisdictional showing must be made affirmatively; "it is not made by drawing from the pleadings inferences favorable

to the party asserting it." *Id*. When reviewing a motion to dismiss for lack of subject matter

jurisdiction, the court may consider evidence outside the pleadings. *See Makarova*, 201 F.3d at

113.

      To be justiciable, a cause of action must be ripe—it must present "a real, substantial

controversy, not a mere hypothetical question." *AMSAT Cable Ltd. v. Cablevision of Conn.*, 6

F.3d 867, 872 (2d Cir.1993). "Courts often distinguish between the duty to defend and the duty

to indemnify in determining whether each issue posed in a declaratory judgment action is ripe for

adjudication," because the duties are usually triggered by different conditions. See *Atl. Cas. Ins.

Co. v. Value Waterproofing, Inc.*, 918 F. Supp. 2d 243, 261 (S.D.N.Y. 2013). Generally, the

"duty to defend is triggered by the filing of a lawsuit" while "the duty to indemnify is triggered

by a determination of liability." *Id.* (citations omitted). "[C]ourts may issue a declaratory

judgment on the duty to defend, while holding that the duty to indemnify is not ripe for

adjudication." *Atl. Cas. Ins. Co.*, 918 F. Supp. 2d at 261.

      "In the context of an insurance dispute, a declaratory judgment action may be ripe even if

the insured has not yet incurred any liability." *Stoncor Grp., Inc. v. Peerless Ins. Co.*, 322

F.Supp.3d 505, 511 (S.D.N.Y. 2018) (citing *Lafarge Can. Inc. v. Am. Home Assurance Co.*, 2018

WL 1634135, at *3 (S.D.N.Y. Mar. 31, 2018) (internal quotation marks omitted) (quoting *Fed.

Ins. Co. v. SafeNet, Inc.*, 758 F.Supp.2d 251, 262 (S.D.N.Y. 2010)). "Indeed, litigation over

insurance coverage has become the paradigm for asserting jurisdiction despite future

contingencies that will determine whether a controversy ever actually becomes real." *Assoc.

Indem. Corp. v. Fairchild Indus.*, Inc., 961 F.2d 32, 35 (2d Cir. 1992) (internal quotation and

citations omitted).  "[W]here liability is contingent, courts in this circuit traditionally examine

the 'practical likelihood' that there will be some type of settlement or judgment against the insurer." *Fed. Ins. Co.*, 758 F. Supp. 2d at 262.

## II.      Wilton/Brillhart Abstention

The issuance of a declaratory judgment is governed by the Declaratory Judgment Act, which provides in relevant part, that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Under the Declaratory Judgment Act, district courts have discretion to determine whether to entertain an action. *Id.* (providing a "court . . . *may* declare the rights. . . " (emphasis added)).

"Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants. *Wilton v. Seven Falls Co*., 515 U.S. 277, 286 (1995). In enacting the Declaratory Judgment Act, "Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." *Id.* at 288. A district court's discretion is broad and "is reviewed deferentially, for abuse of discretion." *Dow Jones & Co., Inc. v. Harrods Ltd.*, 346 F.3d 357, 359 (2d Cir. 2003).

A court has the discretion to stay or dismiss actions seeking declaratory relief where "the questions in controversy between the parties to the federal suit can be better settled in [a] proceeding pending in the state court." *Certain Underwriters at Lloyd's, London v. New Dominion, LLC*, 2016 U.S. Dist. LEXIS 121133, at *6 (S.D.N.Y. Sept. 7, 2016) (quoting

*Travelers Ins. Co. v. Carpenter*, 411 F.3d 323-328 (2d Cir. 2005) . This form of abstention is called "Wilton/Brillhart" abstention after two Supreme Court opinions. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942); *Wilton*, 515 U.S. 277.

Wilton/Brillhart abstention is routinely invoked in insurance coverage actions where the insurance company is also a party to the state lawsuit. *Fed Ins. Co. v. Garner*, 2016 U.S. Dist. LEXIS 82490, at *18-19 (S.D.N.Y. June 20, 2016).  However, courts in this district have invoked abstention where the insurer is not a party to the underlying lawsuit in cases that "represent the atypical case where the duty to defend is contingent on a factual issue squarely raised in the state court proceeding." *Stoncor*, 322 F. Supp. 3d at 516. In these cases where the ultimate factual issues are the same and the issues can be better settled in the state-court action, courts invoke Wilton/Brillhart abstention. *Id.*; *Lafarge*, 2018 U.S. Dist. LEXIS 56123, at*27-31.

The Second Circuit has authorized consideration of several factors in deciding whether to exercise discretion: "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; (2) whether a judgment would finalize the controversy and offer relief from uncertainty.... ( [3] ) whether the proposed remedy is being used merely for "procedural fencing" or a "race to res judicata"; ( [4] ) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; and ( [5] ) whether there is a better or more effective remedy." *Stoncor*, 322 F. Supp. 3d at 505, 513 (citing *Dow Jones & Co.*, 346 F.3d at 359-60 (per curiam) (citations omitted); *accord Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 105 (2d Cir. 2012)).

District courts have identified other factors to consider including: "(1) the scope of the pending state proceeding and the nature of the defenses available there; (2) whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding; (3) whether the necessary parties have been joined; and (4) whether such parties are amenable to process in that proceeding[;] (5) avoiding duplicative proceedings[;] (6) avoiding forum shopping[;] (7) the relative convenience of the fora; (8) the order of filing; and (9) choice of law." *Stoncor*, 322 F. Supp. 3d at 513-14 (*TIG Ins. Co. v. Fairchild Corp.*, 2008 WL 2198087, at *2-3 (S.D.N.Y. May 27, 2008) (alterations omitted) (quoting *Nat'l Union Fire Ins. Co. v. Warrantech Corp.*, 2001 WL 194903, at *3 (S.D.N.Y. Feb. 27, 2001) ); accord *Lafarge*, 2018 WL 1634135, at *4; *ICBC Standard Sec., Inc. v. Luzuriaga*, 217 F. Supp. 3d 733, 739 (S.D.N.Y. 2016).

Wilton/Brillhart abstention does not require all parties to the federal action to be parties to the state action. Instead, it merely requires that the legal and factual issues overlap significantly. *Stoncor*, 322 F. Supp. 3d at 513-515.

## DISCUSSION

I.   **Subject Matter Jurisdiction**

A.   *Plaintiff's Claims are Ripe*

Neither party disputes the ripeness of Plaintiff's duty to defend claims. Defendants argue that Plaintiff's indemnification claims are not ripe because the Underlying Action is still being litigated and there is no existing duty to pay an underlying judgment. (ECF No. 26 at 13.) The Court disagrees. Claims do not need a final, non-appealable judgment to be ripe.

"There is no *per se* rule that underlying liability must be established before a court may rule on a declaratory action to establish the duty to indemnify." *Lafarge*, 2018 WL 1634135, at *5 (internal citations omitted) (quoting *Atl. Cas. Ins. Co.*, 918 F. Supp. 2d at 261). The Court acknowledges that a handful of courts in this district have found indemnification claims not ripe due to pending state case proceedings. *See Id.* at *5-6 (finding indemnification controversy not ripe because courts had failed to make factual findings, no trial date had been set for Second-Wave litigation, and the Plaintiff was not a party to the more advanced suits of the First Wave, which remained pending on appeal); *Town of Newburgh v. U.S. Specialty Ins. Co.*, 7:13-cv-03380-CS, Dkt. No. 24 (S.D.N.Y. 2014) (finding indemnification claims not ripe where state proceeding pending); *The Vill. Of Piermont v. Am. Alternative Ins. Corp.*, 151 F. Supp. 3d 438, 441 (S.D.N.Y. 2015) (finding indemnification claims not ripe where state proceeding pending). However, many courts in this district have ruled the opposite way. *See Stoncor*, 322 F. Supp. 3d 505, 511 (S.D.N.Y.) (finding indemnification claims ripe despite pending underlying proceedings and noting that opinions to the contrary often involved abstention or complex cases with many parties); *Rosen v. Mega Bloks Inc.*, 2009 U.S. Dist. LEXIS 34344, at *15-16 (S.D.N.Y. April 7, 2009) (finding indemnification claims ripe despite no current obligation and noting that, although there are cases to the contrary, those decisions cannot be squared with Supreme Court and Second Circuit precedent); *Fed. Ins. Co.*, 758 F. Supp.2d at 262 (finding excess insurer's indemnification claims ripe despite no liability incurred where it was highly likely that the primary insurance coverage would be reached); *Empire Fire & Marine Ins. Co. v. Elrac, Inc.*, 2006 U.S. Dist. LEXIS 91452, at *8-9 (S.D.N.Y. Dec. 18, 2006) (finding indemnification claims ripe because "it has long been established [that] a liability insurer may

10

bring an action for a declaratory judgment against the parties in an underlying lawsuit involving

its insured without waiting for the underlying action to proceed to judgment"). It is clear then

that the determination is case-specific. In this case, the Underlying Action was filed, litigated,

and resulted in a judgment. Although there is a chance that the judgment will be overturned on

appeal, the Court believes there is a practical likelihood that a judgment will be sustained.

Therefore, the Court finds that Plaintiff's claims are ripe. [1]

> B.    *Amount in Controversy Argument is Moot*

Defendants argue that Plaintiff's duty to indemnify claims are not ripe and therefore

Plaintiff fails to meet the amount in controversy requirement for diversity jurisdiction. Because

the Court finds both of Plaintiff's claims are ripe, this argument is moot.

## II.    **Wilton/Brillhart Abstention**

Defendants argue Wilton/Brillhart abstention warrants a stay or dismissal of Plaintiff's

claims. This argument is premised on Defendants' assertion that this case and the Underlying

Action address the same ultimate issues.[2]  The Court agrees. To find a breach of either of the

---

[1] Defendants indicate that the 2016 Settlement Agreement they entered into with Plaintiff specified that the "duty to indemnify is unripe." It is unclear to the Court whether Defendants are attempting to argue that the Settlement Agreement waives ripeness. To the extent Defendants are making this argument, the Court finds it without merit. Subject matter jurisdiction cannot be waived. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006). Further, the Settlement Agreement was entered into during the early stages of litigation, prior to a jury trial and judgment.

[2] In *Provident v. Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1967), the Supreme Court confirmed that a district court may abstain from ruling on a declaratory judgment action where the ultimate question is the same as the ultimate issue in a pending state-court action. In that case, the ultimate issue in the state-court action was whether an individual was acting as agent, whereas the ultimate issue in the federal action whether that individual had permission. *Id.* The Court found that abstention was not appropriate because "even if [the state court] resolution [was] binding" on the federal court, resolution of the agency issue would have no bearing on the permission issue. *Id.* at 127-128.

11

Stipulations, the state court must find the existence of a contract and damages resulting from a breach of that contract. *Hampshire Properties v. BTA Bldg. and Developing, Inc.*, 122 A.D.3d 573, 573 (N.Y. 2014). These findings are also critical to Plaintiff's claims because they are premised on the existence of a valid contract and a "loss" arising from a breach of that contract. This is the exact "atypical" situation addressed in *Stoncor* and *Lafarge* where the Court's determination of a duty to defend or indemnify is contingent on factual findings made in the state case.

An analysis of the relevant factors further confirms that declaratory judgment is not appropriate at this time. While a declaratory judgment will settle Plaintiff's liability, it will not finalize the underlying controversy. More importantly, a judgment would undoubtedly increase friction between sovereign legal systems and improperly encroach on the domain of a state court. The factual issues the Court would need to resolve to provide the declaratory relief requested by the Plaintiff mirror those currently being considered by the state. Thus, to make such factual determinations would be duplicative. It would also produce a bizarre result if the Court made a factual finding that later conflicted with the findings in the state case. The scope of the pending state proceeding and the defenses available to Defendants are very similar. In both cases, the validity of the contract and a challenge to the loss sustained are key defenses. Finally, the pending state case also predates this action significantly, has included extensive discovery, and has gone to trial. Although, admittedly, there are some factors that weigh against abstention, such as the fact that Plaintiff is not party to the Underlying Action, the Court believes abstention is warranted.

Plaintiff's citations to various cases is unavailing. These cases are not analogous and do not involve scenarios where the declaratory action and underlying action address the same ultimate issues. *See Underwriters*, 2016 U.S. Dist. LEXIS 121133  at *7-8 (declining to abstain where declaratory action was in New York, other disputes were in Oklahoma, and the policy required disputes to be litigated in New York); *Niagara Mohawk Power Corp.*, 673 F.3d at 104-06 (finding abstention inappropriate where district court did not consider required factors, claims did not involve state law only, and plaintiff did not seek purely declaratory relief); *Garner*, 2016 U.S. Dist. LEXIS 82490 at *16-22 (declining to abstain where Plaintiff was not a party to the underlying action and it was not clear that Plaintiff's duty to defend would be adjudicated in the underlying action); *Empire Fire*, 2006 U.S. Dist. LEXIS 91452 at *10-12 (declining to abstain where the ultimate issue in the state action was whether an underage driver was authorized by the renters of a car to drive the vehicle and the ultimate issue in the federal action was whether the insurance policy covered the underage driver, regardless of whether or not permission was given to drive); *Provident*, 390 U.S. at 127 (1968) (finding abstention not warranted where the ultimate question in the state court case was whether one party was acting as an agent of the other, whereas the question in the federal court case was whether that party had permission to use the vehicle of the other).

While courts have discretion to either stay or dismiss actions brought under the Declaratory Judgment Act, a stay is often preferable because it "assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Stoncor*, 322 F.Supp.3d at 514 (quoting *Wilton*, 515 U.S. at 288). Therefore, the

Court will stay Plaintiff's claims until such time as a final judgment is rendered in the state court case.

**CONCLUSION**

For the foregoing reasons, Defendants' motion to stay is GRANTED and Defendants' motion to dismiss or for a coverage declaration is DENIED. The Clerk of Court is directed to stay this action and terminate the motion at ECF No. 21. The parties are to notify the Court in writing within three (3) days of a resolution of the Underlying Action.

Dated:   October 22, 2020                                           SO ORDERED:
        White Plains, New York

                                      NELSON S. ROMÁN
                              United States District Judge